| | | |
|---|---|---|
| **TIMOTHY T. BOYLAN, JR., Personally,** | ) | |
| **and as the Administrator of the** | ) | **No. 3:24-cv-00039** |
| **ESTATE OF LISA LYNN EDWARDS,** | ) | |
| | ) | **District Judge: Charles E. Atchley, Jr.** |
| **Plaintiff,** | ) | **Magistrate Judge: Debra C. Poplin** |
| | ) | |
| **v.** | ) | **CIVIL ACTION-LAW** |
| | ) | **JURY TRIAL DEMANDED** |
| **BRANDON D. WARDLAW, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION TO EXCLUDE OR LIMIT CERTAIN
OPINION TESTIMONY OF CHRISTOPHER LOCHMULLER, M.D.**

**AND NOW** comes the Plaintiff, TIMOTHY T. BOYLAN, JR., Personally, and as the Administrator of the ESTATE OF LISA LYNN EDWARDS, by and through his counsel, DEVON M. JACOB, ESQUIRE, of the law firm of JACOB LITIGATION, INC., pursuant to Federal Rules of Evidence 403 and 702, to provide this Motion to Exclude or Limit Certain Opinion Testimony of Christopher Lochmuller, M.D.:

For the reasons set forth in Plaintiff's contemporaneously filed memorandum in support and supporting exhibits, Dr. Lochmuller's challenged opinions are inadmissible because they are not based on sufficient facts or data, are not the product of reliable methodology reliably applied to the facts, and create a substantial risk of unfair prejudice, jury confusion, and misleading the jury.

Plaintiff seeks to preclude or limit Dr. Lochmuller from testifying that: (1) brain hemorrhage, hemorrhagic conversion, mass effect, brainstem compression, or herniation caused Edwards' first or second cardiac arrest; (2) delayed or denied post-discharge medical care had no

1

causative significance; (3) acts or omissions of security guards, the transportation officer, and/or police officers did not cause or contribute to Edwards' death; and (4) that the natural manner of death precludes civil liability. Plaintiff does *not* seek to limit Dr. Lochmuller from testifying that he performed the autopsy, describing pathology present at death, identifying natural disease present at death, or testifying that he found no evidence of physical trauma.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the motion and enter the proposed order submitted herewith.

**Respectfully Submitted,**

*s/Devon M. Jacob*                                          **Date: June 18, 2026**
**DEVON M. JACOB, ESQUIRE**
PA Bar Number: 89182
**JACOB LITIGATION, INC.**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

*Plaintiff's Counsel*

2